IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN J. STOCKTON and SANDRA STOCKTON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 05-1168-T/An |
| MERCK & CO., INC., | ) ) | |
| Defendant. | ) ) | |

ORDER GRANTING MOTION TO STAY

Plaintiffs John J. Stockton and Sandra Stockton filed this action on June 20, 2005 against Merck and Company, Inc., maker of the prescription drug known as Vioxx. On August 8, 2005, Merck filed an answer to the complaint and a motion to stay all further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this case should be transferred to the United States District Court for the Eastern District of Louisiana as a "tag-along" action in MDL Proceeding No. 1657, In re Vioxx Product Liability Litigation. Plaintiffs have not responded to the motion to stay.

Pursuant to 28 U.S.C. § 1407, the MDL Panel issued the first Transfer Order establishing MDL-1657 on February 16, 2005. In that order, the Panel stated:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attach and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  09-01-05

knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Transfer Order, at 2 (J.P.M.L. Feb. 16, 2005).

The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary. See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay is particularly appropriate in these Vioxx cases, as the MDL Panel has already determined that the claims involve common questions of fact and that coordination under § 1407 is appropriate. There are several other Vioxx cases already pending in this district that will undoubtedly be transferred to MDL-1657, as well as hundreds more in other districts.

The Court finds that having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources. In addition, the Court finds that any prejudice to the plaintiffs resulting from a stay would be minimal. However, in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant.

For the foregoing reasons, Merck's motion to stay pending the MDL Panel's transfer decision is GRANTED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

29 August 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:05-CV-01168 was distributed by fax, mail, or direct printing on September 1, 2005 to the parties listed.

---

Lisa M. Martin
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

John J. Allan
4931 Lindell Blvd., Ste 1E
St. Louis, MO 63108

Honorable James Todd
US DISTRICT COURT